UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDULLAH J.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

Defendant.

Case No. 24-cv-13447

Magistrate Judge Elizabeth A. Stafford

**OPINION AND ORDER ON CROSS-MOTIONS FOR SUMMARY
JUDGMENT
(ECF NOS. 12, 14)**

Plaintiff Abdullah J. appeals the final decision of defendant Commissioner of Social Security (Commissioner), which denied his application for supplemental security income (SSI) under the Social Security Act.  Both parties consented to the undersigned conducting all proceedings under 28 U.S.C. § 636(c) and move for summary judgment. ECF No. 8; ECF No. 12; ECF No. 14.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence[1] and conformed with proper legal standards.  *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).

> Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations.  And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high.  Substantial evidence, this Court has said, is more than a mere scintilla.  It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019) (cleaned up).  The substantial-evidence standard does not permit the Court to independently weigh the evidence.  *Hatmaker v. Comm'r of Soc. Sec.*, 965 F. Supp. 2d 917, 930 (E.D. Tenn. 2013) ("The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion."); *see also Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) ("If the Secretary's decision is supported by substantial evidence, it must be affirmed even if the reviewing court would decide the matter

---

[1] Only the evidence below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

2

differently, and even if substantial evidence also supports the opposite conclusion.").

The administrative law judge (ALJ) determined that plaintiff has the severe impairment of attention-deficit hyperactivity disorder.  ECF No. 7-1, PageID.44.  In assessing the "paragraph B" criteria at step three of the sequential analysis, the ALJ determined that plaintiff had mild limitations in his ability to interact with others and moderate limitations in the other three domains.  *Id.*, PageID.45-46.  The residual functional capacity (RFC) restricts plaintiff to:

> a full range of work at all exertional levels but with the following non-exertional limitations: he can understand, remember, and carry out simple and routine tasks.  He can tolerate occasional changes in the work setting.  He can never perform fast-paced production rate work or work involving quotas.

*Id.*, PageID.46.  Plaintiff argues that the ALJ failed to explain why he did not include an RFC limitation corresponding with plaintiff's mild limitations in social functioning.  ECF No. 12, PageID.562-563, 568-570.

Paragraph B criteria "are not an RFC assessment but are used to rate the severity of" a mental impairment at steps two and three of the evaluation process.  Social Security Ruling 96-8p.  A mental RFC assessment at steps four and five "requires a more detailed assessment by itemizing various functions."  *Id.*; *see also Cannon v. Comm'r of Soc. Sec.*,

3

No. 1:23-cv-388, 2024 WL 1956258, at *4 (W.D. Mich. Jan. 8, 2024), *adopted*, 2024 WL 1854223 (W.D. Mich. Apr. 29, 2024).  Mild limitations in paragraph B criteria do not necessarily "mandate" any corresponding functional limitations in the RFC.  *Stephen T.C. v. Comm'r of Soc. Sec.*, No. 1:23-cv-10821, 2024 WL 948592, at *6 (E.D. Mich. Mar. 5, 2024); *Cannon*, 2024 WL 1956258, at *4 (collecting cases).  But "numerous courts have held that where an ALJ finds even mild limitations in [paragraph B criteria], the ALJ must either incorporate these findings into the claimant's RFC or explain why these mild deficits do not cause any functional limitations." *Stephen T.C.*, 2024 WL 1956258, at *6; *Shamsud-Din v. Comm'r of Soc. Sec.*, No. 16-cv-11818, 2017 WL 3574694, at *6 (E.D. Mich. July 24, 2017).

A court must read an ALJ's RFC analysis in the context of the entire decision and may consider analysis in other sections of the decision when evaluating the RFC.  *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 435 n.9 (6th Cir. 2014); *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006).  That is, ALJs "need not cabin their RFC analysis to the portion of their decision formally labelled as their RFC assessment: other sections of a written decision can tacitly explain why an ALJ's RFC finding did not account for a claimant's nonsevere impairments."  *Stephen T.C.*, 2024 WL 1956258, at *7.  If the Court can follow the ALJ's rationale, failure

to explicitly state why mild limitations in paragraph B criteria did not warrant

functional limitations does not amount to reversible error.  *Id.*

    The ALJ here reasoned at step three:

> In interacting with others, the claimant has a mild limitation.  In
> his Function Report, the claimant stated that he tended to
> spend his time with family and occasionally attended religious
> services.  He denied having any difficulty getting along with
> family, friends, neighbors, or others.  He described his
> relationships with authority figures as good [(citing ECF No. 7-1,
> PageID.291-292)].  The claimant's psychiatric and
> psychotherapy notes do not include any instances of poor
> interactions between the claimant and his mental health
> professionals.  [State-agency psychological consultant] Dr.
> Gensterblum found the claimant mildly limited in this domain,
> which is consistent with the evidence of record and persuasive.
> Therefore, I find the claimant mildly limited in this domain.

ECF No. 7-1, PageID.45.  When determining the RFC, the ALJ discussed

the subjective symptoms that plaintiff reported during the hearing, as well

as records documenting his treatment for mental impairments.  *Id.*,

PageID.47-48 (citing ECF No. 7-1, PageID.59-74, 456-464, 466, 472, 478,

484, 490, 496, 502-503, 512-522, 527-529, 543-546).  As the ALJ

explained at step three, those records did not indicate that plaintiff had

trouble interacting with others but rather that he struggled with focus,

concentration, and mood.  *Id.*  Last, the ALJ discussed Dr. Gensterblum's

opinion that plaintiff could perform simple, routine tasks and found that

opinion persuasive.  *Id.*, PageID.48 (citing ECF No. 7-1, PageID.105).

Thus, the ALJ explained his rationale for finding that the record does not support more functional limitations for plaintiff's mild limitations in interacting with others.  The ALJ also included mental RFC limitations in his discussion of the paragraph B criteria, tying the analyses in those sections together.  *See id.*, PageID.45-46.  He explained that three of the domains supported functional limitations but included no functional limitations when discussing plaintiff's limitations in interacting with others.  *Id.*  The ALJ also noted that, while "'paragraph B criteria are not a [RFC] assessment," the RFC analysis "considered all symptoms" and "reflects the degree of limitation I have found in the "paragraph B" mental function analysis."  *Id.*, PageID.46.

The ALJ's analysis aligns with that found held satisfactory even in some authorities cited by plaintiff.  *See Napier v. Comm'r of Soc. Sec.*, 127 F.4th 1000, 1007 (6th Cir. 2025) ("Considering the substantial evidence supporting the ALJ's findings that Napier's limitations were no more than mild and the ALJ's repeated statements that it took all of Napier's limitations into account, we hold that the ALJ adequately accounted for Napier's limitations in the [RFC] analysis."); *Cannon*, 2024 WL 1956258, at *4-5; *see also Stephen T.C.*, 2024 WL 948592, at *6-7; *Shamsud-Din*, 2017 WL 3574694, at *6-7.  And unlike other cases plaintiff cites, the ALJ fully

6

discussed plaintiff's mental impairments and explained their impact on the RFC.  *Cf. William G. v. O'Malley*, No. 3:23-cv-00103, 2024 WL 1141019, at *3 (W.D. Ky. Mar. 15, 2024) (remanding because the ALJ's decision provided no explanation for how mild mental limitations impacted the plaintiff's ability to perform skilled work as a nurse instructor); *Gomez v. Comm'r of Soc. Sec.*, No. 1:22-cv-282, 2024 WL 925546, at *5-6 (E.D. Tenn. Mar. 4, 2024) (remanding because the ALJ disregarded a functional limitation included in a medical opinion despite giving that opinion significant weight); *Richardson v. Saul*, 511 F. Supp. 3d 791, 799 (E.D. Ky. 2021) (remanding because the ALJ assessed mild limitations in all paragraph B criteria—despite giving great weight to a medical opinion that plaintiff had mild to moderate limitations—and provided no explanation of how such limitations impacted the RFC).

Plaintiff contends that the RFC should have specified that he avoid interacting with the public.  ECF No. 15, PageID.592.  Yet he cites no evidence supporting that functional limitation.  Thus, plaintiff has not satisfied his burden of producing evidence to support his claim that he needs a more restrictive RFC.  *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008).

7

The Court thus **DENIES** plaintiff's motion for summary judgment (ECF No. 12), **GRANTS** the Commissioner's motion for summary judgment (ECF No. 14), and **AFFIRMS** the ALJ's decision under sentence four of 42 U.S.C. § 405(g).

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: December 18, 2025

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager